IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 22 2003

Robert M. March
CLERK

GEORGE HAWTHORNE, et al.,

    Plaintiffs,

vs.                              CIVIL NO. 02-1649 BB/RHS

INTERNAL REVENUE SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte*.

### I. BACKGROUND

On July 9, 2003, the Clerk of Court sent a letter to the Plaintiffs putting them on notice that, unless service was effected upon the defendant within eleven days of the date of the Clerk's letter, the Plaintiffs' case would be dismissed without prejudice. The Clerk also indicated that 188 days had elapsed from the filing date of the complaint to the date of the letter, and that Fed.R.Civ.P. 4(m) allows only 120 days within which a complaint is to be served on a defendant. To date, the Court record reflects that the defendant has not been served with the complaint.

### II. ANALYSIS

Fed.R.Civ.P. 4(m) provides in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant . . . .

Plaintiffs were notified after 188 days that their lawsuit would be dismissed unless service was effected within eleven days of the date of the Clerk's notification letter--July 9, 2003. Today's date is August 20, 2003. Over a month has elapsed since the Clerk's notification letter, and the record reflects that the Plaintiff has failed to comply with that letter.

Furthermore, the Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

Based on the Plaintiffs' lack of action in this case, their complaint will be dismissed without prejudice for want of prosecution.

**WHEREFORE,**

**IT IS ORDERED** that this cause of action be, and hereby is, **DISMISSED** without prejudice.

_____
UNITED STATES DISTRICT JUDGE